Joseph P. **WERTHMANN** and wife, Sandra B. **Werthmann**; Mike **Maas**; A.H.R. **Trucking Inc.**, a Texas Corporation; T.J. & C. **Properties, Ltd.**, a Texas Limited Partnership; Thermacor Process, L.P., a Texas Limited Partnership; Stone Creek Farms I, Ltd., a Texas Limited Partnership; and Richard B. **Bender**, Appellants and Appellees,

v.

**CITY OF FORT WORTH**, Texas, Appellee and Appellant.

No. 2–03–122–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 16, 2003.

Rehearing Overruled Nov. 13, 2003.

Winstead Sechrest & Minick, P.C. and Arthur J. Anderson, James C. Gordon, James Schnurr, Dallas, for Appellants.

Theodore P. Gorski, Jr., Asst. City Atty., Gerald Pruitt, Marcella Olson, Deputy City Attys., Fort Worth, for Appellee.

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

The Texas Local Government Code was amended in 1999 to reflect new requirements regarding land annexation. As a result of the amendments, section 43.052(c) provides:

A municipality shall prepare an annexation plan that specifically identifies annexations that may occur beginning on the third anniversary of the date the annexation plan is adopted. The municipality may amend the plan to specifically identify annexations that may occur beginning on the third anniversary of the date the plan is amended.

TEX. LOC. GOV'T CODE ANN. § 43.052(c) (Vernon Supp.2003). This case presents a question of whether the section's requirements are substantive or merely procedural.

### FACTUAL AND PROCEDURAL BACKGROUND

The City of Fort Worth ("Appellee") passed an ordinance annexing 7,744 acres along Highway 287 ("US 287 Zone") for limited purposes on January 7, 2003. Appellee's plan provided that the property would be annexed for full purposes by November 28, 2005. Several parties ("Appellants") that own land within the U.S. 287 Zone filed suit challenging Appellee's authority to annex the land. Appellants contend that the annexation violated section 43.052(c) of the Texas Local Government Code. Appellee claims the annexation is valid because the annexation was for limited purposes and therefore was not governed by section 43.052. Appellee further contends that, even if Appellee's ordinance violated section 43.052, Appellants had no standing to challenge the annexation.

■ Appellee entered a plea to the jurisdiction, challenging Appellants' standing to bring their suit. Appellee argued that the trial court did not have subject matter jurisdiction over Appellants' private claims because a proceeding in *quo warranto* was the proper action. The only proper method for attacking the validity of a city's annexation of territory is by *quo warranto* proceeding, unless the annexation is wholly void. *Alexander Oil Co. v. City of Seguin,* 825 S.W.2d 434, 436 (Tex.1991); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 66.001 .003 (Vernon 1997). The purpose of a *quo warranto* proceeding is to question the right of a person or corporation, including a municipality, to exercise a public franchise or office. *Alexander Oil,* 825 S.W.2d at 436–37. The State must bring the action to question irregular use of the delegated authority. *Id.* at 437. By requiring that the State bring such a proceeding, we avoid the specter of numerous successive suits by private parties attacking the validity of annexations. *Id.* The requirement that an action seeking to set aside annexation for irregular use of power be brought as a *quo warranto* proceeding dates back as early as 1886. *Graham v. City of Greenville,* 67 Tex. 62, 2 S.W. 742, 744–45 (1886). It continues to be followed today. *Alexander Oil,* 825 S.W.2d at 437. A *quo warranto* proceeding is required to set aside annexation unless it is void. *Id.*

The trial court denied Appellee's plea to the jurisdiction and rendered a final take-nothing judgment in favor of Appellee. Although requested, no findings of fact and conclusions of law were filed. Appellants appeal the final judgment. Appellee cross-appeals the denial of its plea to the jurisdiction. In its side issue, Appellee contends that Appellants lack standing to challenge the city's annexation of the U.S. 287 Zone.

### STANDARD OF REVIEW

■ A plea to the jurisdiction contests the authority of a court to determine the subject matter of the cause of action. *Dolenz v. Tex. State Bd. of Med. Examin-*

*ers,* 899 S.W.2d 809, 811 (Tex.App.-Austin 1995, no writ). Whether a trial court has subject matter jurisdiction is a question of law reviewed under the *de novo* standard. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998); *Denton County v. Howard,* 22 S.W.3d 113, 118 (Tex. App.-Fort Worth 2000, no pet.). Standing is a component of subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 445 (Tex.1993). As the party seeking to invoke the trial court's jurisdiction, Appellants had the burden to allege facts that affirmatively showed the trial court had subject matter jurisdiction over their case. *Id.* at 446. In determining whether jurisdiction exists, we look not to the merits of Appellants' claims, but to the allegations in the pleadings. We accept them as true, and construe them in favor of the pleader. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002); *MET–Rx USA, Inc. v. Shipman,* 62 S.W.3d 807, 810 (Tex.App.-Waco 2001, pet. denied). We may also consider relevant evidence necessary to resolve the jurisdictional issues raised. *Brown,* 80 S.W.3d at 555.

## DISCUSSION

▮ In reviewing a private party's standing to challenge an annexation, an appellate court must decide whether the challenge attacks the city's authority to annex the area in question or simply complains of some violation of statutory procedure. *City of San Antonio v. Hardee,* 70 S.W.3d 207, 210 (Tex.App.-San Antonio 2001, no pet.). Merely showing an irregularity in a city's exercise of its annexation authority is not enough. *Alexander Oil,* 825 S.W.2d at 438; *May v. City of McKinney,* 479 S.W.2d 114, 120 (Tex.Civ.App.-Dallas 1972, writ ref'd n.r.e.). Private parties have standing to challenge an annexation only when the annexation is void because a municipality exceeds its authority to annex. *Alexander Oil,* 825 S.W.2d at

438; *City of Wichita Falls v. Pearce,* 33 S.W.3d 415, 417 (Tex.App.-Fort Worth 2000, no pet.). Historically, Texas courts have held that an annexation ordinance exceeds a municipality's authority when the annexation: 1) exceeds the statutory limits on size; 2) attempts to annex areas within the jurisdiction of another city; 3) attempts to annex areas not contiguous with city limits; and 4) attempts to annex an area with an open boundary description. *Alexander Oil,* 825 S.W.2d at 438. A collateral attack by a private party must show an entire want of power on the part of the city to annex. *May,* 479 S.W.2d at 120.

▮ A municipality that violates procedural requirements in the process of exercising annexation power may render an annexation voidable but not void. *City of Balch Springs v. Lucas,* 101 S.W.3d 116, 122 (Tex.App.-Dallas 2002, no pet.); *Hardee,* 70 S.W.3d at 212. When a voidable annexation is challenged, the proper action is a *quo warranto* proceeding. *Alexander Oil,* 825 S.W.2d at 439. Thus, when an annexation is challenged on procedural grounds, a *quo warranto* suit is the appropriate method for opposing an annexation. *Id.* Only the State can challenge annexation for such procedural irregularities because those irregularities result in voidable ordinances. *Id.* The issue, then, is whether the requirements of Texas Local Government Code section 43.052(b)-(c) are merely procedural limitations and/or whether they are substantive limitations on a municipality's authority to annex land.

Two Texas courts have addressed whether the restrictions in section 43.052 are procedural or substantive. In *Hardee,* the plaintiffs argued that they had standing to sue because the City of San Antonio acted outside its annexation authority by failing to adopt a required annexation plan on or before December 31, 1999, as re-

quired by section 43.052. 70 S.W.3d at 211–12. The San Antonio Court of Appeals treated the changes to section 43.052 as an amendment to the prior notice and hearing requirements in the annexation law and held the landowners had no standing to challenge the annexation. *Id.* at 212. The court concluded that 43.052(b)-(c) is a procedural requirement for annexation rather than a limit on a city's authority to annex because section 43.052 does not place limits on the area or type of land a city may annex. Instead, it simply requires a three-year planning process. *Id.* In *Lucas,* the landowners claimed that they had standing to challenge annexation because the City of Balch Springs violated section 43.052 by not complying with its own annexation plan. 101 S.W.3d at 119. In concurring with the *Hardee* court and holding that the landowners lacked standing to challenge the annexation, the *Lucas* court stated:

> We agree with that court's characterization of the provisions of section 43.052 as being procedural, rather than limitations on the City's inherent authority to annex. Appellees' complaints about the City's lack of compliance with section 43.052 address procedure. As such, even if the alleged improprieties were proven by appellees, the proposed annexation would be voidable, not void. Consequently, the exclusive remedy is a *quo warranto* proceeding brought by a representative of the State of Texas.

*Id.* at 122. (citations omitted).

Further, chapter 43 of the Texas Local Government Code and the legislative history of the 1999 amendments refer to the plan requirements as procedural. For example, subchapter C, which includes section 43.052, is entitled, "Annexation *Procedure* for Areas Annexed Under Municipal Annexation Plan." [Emphasis supplied.] The bill analysis for Senate Bill 89, which amended section 43.052, states:

Currently, under Texas law, municipalities have the exclusive right to annex within their extraterritorial jurisdictions. This bill revises the municipal annexation process, requiring cities to implement advance annexation planning procedures and providing for the timely provision of services to the annexed areas, among other revisions.

SENATE RESEARCH CENTER, BILL ANALYSIS, Tex. S.B. 89, 76th Leg., R.S. (1999).

 We agree with the cases holding that the provisions of section 43.052 are procedural requirements for annexation rather than limitations on a municipality's inherent authority to annex land. As in *Hardee* and *Lucas,* Appellants do not dispute Appellee's inherent authority to annex the U.S. 287 Zone. Rather, they challenge whether Appellee has followed the proper procedures. A challenge based on procedural violations cannot be brought in a private challenge; it must be raised in a *quo warranto* proceeding. *Alexander Oil,* 825 S.W.2d at 436. Consequently, Appellants have no standing to challenge the annexation of the U.S. 287 Zone.

This court has previously acknowledged that, although it may seem harsh at times, there are strong policy reasons behind requiring *quo warranto* proceedings to challenge voidable annexations. We recognized in *Pearce* that:

> If private challenges were allowed, numerous suits by various property holders could be brought.... [S]uccessive suits could lead to the anomalous situation where neighboring property owners were bound by drastically different judgments. Requiring the State to bring these challenges allows one judgment binding all the property owners involved and settles the validity of the ordinance.

33 S.W.3d at 417 (citing *Kuhn v. City of Yoakum,* 6 S.W.2d 91, 92 (Tex.Com.App.

1928, judgm't adopted)). For all these reasons, we sustain Appellee's issue.

## CONCLUSION

We reverse the trial court's judgment and render judgment granting Appellee's plea to the jurisdiction and dismissing Appellants' case for want of jurisdiction. TEX.R.APP. P. 43.2 (c). Consequently, we do not address Appellants' issues. TEX. R.APP. P. 47.1.