NUMBER 13-04-594-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

CITY OF PORT ISABEL, TEXAS,                                               Appellant,

v.

HP PINNELL, TRUSTEE OF PINNELL
TRUST AND TOWN OF SOUTH 
PADRE ISLAND,                                                                 Appellees.
                                                                                                                                      

On appeal from the 107th District Court of Cameron County, Texas.
                                                                                                                      

O P I N I O N

Before and Justices Hinojosa, Rodriguez and Garza 
Opinion by Justice Garza
 
In this interlocutory appeal, the City of Port Isabel challenges the trial court’s denial
of its plea to the jurisdiction, which sought dismissal of a suit for injunctive and declaratory
relief filed by H.P. Pinnel and the Town of South Padre Island, as an intervenor. Because
we conclude that Pinnel and the Town of South Padre Island each have standing to sue
the City of Port Isabel, we affirm the trial court’s order denying the plea to the jurisdiction. I. Background 
This lawsuit arises from a dispute between the City of Port Isabel, the Town of South
Padre Island (“SPI”), and Pinnel over which municipality should control certain
unincorporated land. Port Isabel, a home-rule municipality with just over 5,000 inhabitants,
is located on the mainland of Texas and borders on a body of water known as the Laguna
Madre. SPI, a general law municipality, is located on a long, narrow coastal barrier island
known as South Padre Island (“the Island”). Port Isabel is separated from the Island by a
body of water called the Laguna Madre. The only means of access to and from the Island
(other than by water or air) is the 2 ½ mile long Queen Isabella Memorial Causeway. 
Pinnel is the owner of land located on the Island that consists of approximately 460 acres. 
The Pinnel Property is located north of SPI and approximately six miles from Port Isabel. 
Port Isabel contends that it should have control of the Pinnel Property, while SPI and
Pinnel contend that SPI should have control. A series of conflicting ordinances were
passed by Port Isabel and SPI under which each municipality now claims control of the
Pinnel Property. The ordinances and the present lawsuit unfolded as follows. 
Between July and August of 2003, Port Isabel adopted three separate ordinances
that purported to annex an area located entirely in the Laguna Madre.


 The ordinances
extended Port Isabel’s boundary fifteen miles into the water, with each ordinance extending
the boundary by five miles. In February 2004, Port Isabel scheduled and posted notice of
a public hearing to annex eighteen separate areas located entirely in the Laguna Madre. 
These areas were divided into one-mile units that covered essentially the same areas
annexed by the prior ordinances. On February 4, 2004, Port Isabel sent notice to Pinnel
that it intended to annex the Pinnel Property and that public hearings regarding the
proposed annexation would be held on March 8–9, 2004. On February 24, 2004, Port
Isabel’s city commission met and adopted seventeen ordinances annexing approximately
23,270 acres located entirely within the Laguna Madre. These ordinances extended Port
Isabel’s boundary to the shores of the Island. Although the ordinances did not annex the
Pinnel Property, ordinance 652 shifted Port Isabel’s boundary to within one mile of the
Pinnel Property. According to Port Isabel, this brought the Pinnel Property within its
extraterritorial jurisdiction (“ETJ”). 
On March 8, 2004, SPI adopted an ordinance expanding its ETJ to include the
Pinnel Property.


 This ordinance was adopted in response to a request by Pinnel on
February 23, 2004 and purports to be effective as of the date of Pinnel’s request.


 On
March 29, 2004, Pinnel filed this action seeking injunctive relief and a judgment declaring
Port Isabel’s annexation ordinances invalid. On the same date, the trial court entered a
temporary restraining order prohibiting Port Isabel from annexing the Pinnel Property. 
Subsequently, the trial court denied Pinnel’s application for temporary injunctive relief. SPI
then intervened in the lawsuit, seeking a permanent injunction against Port Isabel and a
judicial declaration that the annexation ordinances adopted by Port Isabel are void ab initio. 
          On April 6–7, 2004, Port Isabel adopted three new ordinances annexing additional
areas,


 and on April 9–10, 2004, Port Isabel annexed the Pinnel Property by adopting
Ordinance No. 657. Port Isabel then filed a comprehensive jurisdictional plea in the trial
court, seeking dismissal of the claims filed by Pinnel and SPI. The trial court denied Port
Isabel’s plea on October 18, 2004, and Port Isabel filed this interlocutory appeal.


 
Port Isabel raises four issues: (1) Pinnel and SPI lack capacity to sue Port Isabel
for any procedural irregularities related to the passage of Port Isabel’s annexation
ordinances; (2) Pinnel and SPI lack standing to complain about the annexation ordinances;
(3) SPI cannot bring a claim under the Texas Open Meetings Act because it is not an
“interested person” and because its grievance is not cognizable under the open meetings
act; and (4) SPI’s claim under the Texas Public Information Act fails because the
information act does not authorize a private party to seek declaratory or injunctive relief. 
Pinnel and SPI have filed separate briefs in response to Port Isabel’s appeal, in which they
argue that the trial court did not err by denying Port Isabel’s plea to the jurisdiction. 
Additionally, the Office of the Attorney General has filed an amicus curiae brief in support
of SPI. II. Analysis
A plea to the jurisdiction contests the authority of a court to determine the subject
matter of a cause of action. Dolenz v. Tex. State Bd. of Med. Examiners, 899 S.W.2d 809,
811 (Tex. App.—Austin 1995, no writ). Whether a court has subject matter jurisdiction is
a matter of law and is reviewed de novo. Hoff v. Nueces County, 153 S.W.3d 45, 48 (Tex.
2004) (per curiam). As the party seeking to invoke the trial court’s jurisdiction, the plaintiff
must allege facts that affirmatively demonstrate the court’s jurisdiction to hear the cause. 
See Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). When
reviewing a trial court’s ruling on a plea to the jurisdiction, Texas appellate courts “construe
the pleadings in favor of the plaintiff and look to the pleader’s intent.” Id. We may also
consider relevant evidence necessary to resolve the jurisdictional issues raised. County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). 
A. Capacity to Sue 
Port Isabel’s first issue contends that neither Pinnel nor SPI has capacity to sue Port
Isabel for any procedural irregularities related to the passage of Port Isabel’s annexation
ordinances because such complaints can be made only by the State of Texas in a quo
warranto proceeding. In response, Pinnel and SPI argue that they do have capacity
because the annexation ordinances are void ab initio. See Alexander Oil Co. v. Seguin,
825 S.W.2d 434, 436 (Tex. 1991) (“The only proper method for attacking the validity of a
city’s annexation of territory is by a quo warranto proceeding, unless the annexation is
wholly void.”). Additionally, Pinnel and SPI argue that a plea to the jurisdiction cannot be
granted based on a lack of capacity. We agree with this second contention. 
Capacity is a party’s legal authority to sue or be sued. See Davis v. City of Houston,
869 S.W.2d 493, 494 n.1 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Capacity is
not a jurisdictional issue. Mackie v. Guthrie, 78 S.W.3d 462, 465 (Tex. App.—Tyler 2001,
pet. filed) (citing Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 661
(Tex. 1996)). We therefore conclude that the trial court did not err by denying Port Isabel’s
plea based on capacity. Port Isabel’s first issue is overruled. 
B. Standing to Sue 
In its second issue, Port Isabel contends that neither Pinnel nor SPI have standing
to sue. According to Port Isabel, Pinnel and SPI have no authority over the tracts of land
covered by the ordinances other than ordinance 657 and therefore no standing to sue
based on these ordinances. As for ordinance 657, Port Isabel contends that the
complaints made by Pinnel and SPI allege no more than mere procedural irregularities in
Port Isabel’s exercise of its annexation authority, allegations which, even if true, cannot
confer standing. 
Standing is a component of subject matter jurisdiction. Tex. Ass’n of Bus., 852
S.W.2d at 446. In reviewing a private party’s standing to challenge an annexation, an
appellate court must decide whether the challenge attacks the city’s authority to annex the
area in question or simply complains of some violation of statutory procedure. Werthmann
v. City of Fort Worth, 121 S.W.3d 803, 806 (Tex. App.—Fort Worth 2003, no pet.). If the
annexation is void because the city has no authority to annex, a collateral attack by private
parties is permissible, Hoffman, 476 S.W.2d at 846; however, a private party must
nonetheless suffer some burden peculiar to itself to acquire standing to sue, West Lake
Hills v. State, 466 S.W.2d 722, 727 (Tex. 1971). Because there are two distinct
requirements for standing (i.e., a void ordinance and a special burden), our analysis
proceeds in two parts.
1. Void Ordinances
Historically, Texas courts have held that an annexation ordinance exceeds a
municipality’s authority when the annexation (1) exceeds the statutory limits on size, (2)
attempts to annex areas within the jurisdiction of another city, (3) attempts to annex areas
not contiguous with city limits, or (4) attempts to annex an area with an open boundary
description. Alexander Oil, 825 S.W.2d at 438 (citing illustrative case law). In addition, the
local government code expressly states that “[a] municipality may annex area only in its
extraterritorial jurisdiction unless the municipality owns the area.” Tex. Loc. Gov’t Code
Ann. § 43.051 (Vernon 1999). The Texas Supreme Court has held that a municipality
may not annex land in another municipality’s ETJ without that municipality’s consent. City
of Murphy v. City of Parker, 932 S.W.2d 479, 481 (Tex. 1996). 
It is not enough to allege mere irregularities in a city’s exercise of its annexation
authority. See Werthmann, 121 S.W.3d at 806 (citing Alexander Oil, 825 S.W.2d at 438). 
 For instance, notice and hearing requirements are procedural limits on annexation and do
not affect the municipality’s authority to make the annexation. City of San Antonio v.
Hardee, 70 S.W.3d 207, 212 (Tex. App.—San Antonio 2001, no pet.). Procedural
irregularities may render the annexation voidable but not void. See Werthmann, 121
S.W.3d at 806 (citing City of Balch Springs v. Lucas, 101 S.W.3d 116, 122 (Tex.
App.—Dallas 2002, no pet.)). An attack upon an annexation ordinance based on
procedural irregularities must be made by the State in an action of quo warranto. See
Hoffman v. Elliott, 476 S.W.2d 845, 846 (Tex. 1972) (per curiam). 
Pinnel’s first amended original petition alleges that each of Port Isabel’s ordinances
is void ab initio due to annexations of areas (1) outside the City’s ETJ, (2) not adjacent to
or contiguous to the existing city limits, (3) with open boundaries that do not close, (4)
located entirely within a body of water and not including land more than 1,000 feet in width
at its narrowest point, and/or (5) located within the ETJ of another municipality. SPI’s third
amended petition in intervention alleges, inter alia, that Port Isabel has (1) enacted
annexation ordinances that exceed the statutory size limit of one mile, (2) attempted to
annex territory in SPI’s ETJ, (3) attempted to annex territory that is not within its city limits,
and (4) attempted to annex territory that contains an open boundary description.
The allegations made by Pinnel and SPI, if proven true, would establish that at least
one of Port Isabel’s annexation ordinances is void. See Tex. Loc. Gov’t Code Ann. §
43.051; City of Parker, 932 S.W.2d at 481; Alexander Oil, 825 S.W.2d at 438. All
subsequent ordinances that depend on the void ordinance would also be void. See West
Lake Hills, 466 S.W.2d at 729. Thus, if Pinnel and SPI succeed in establishing that any
one of Port Isabel’s annexation ordinances is void, ordinance 657, which depends on each
of the other ordinances, will also be void. In short, the claims brought by Pinnel and SPI
are not complaints of mere irregularities in Port Isabel’s exercise of its annexation authority;
they are complaints that the ordinances are void. Accordingly, the suits are permissible
and need not be brought by the State in a quo warranto proceeding. See Hoffman, 476
S.W.2d at 846. 
2. Special BurdenWe turn now to the second requirement for standing: a special burden. Most
commonly the special burden required for standing to challenge a city’s annexation
ordinance is the imposition of tax. West Lake Hills, 466 S.W.2d at 727. A special burden
does not exist if the claimant merely alleges the ordinary consequences of annexation that
burden the general public. See Sunchase Capital Group, Inc. v. City of Crandall, 69
S.W.3d 594, 596 (Tex. App.—Tyler 2001, no pet.).
We conclude that the disputed annexation ordinances have created special burdens
for both Pinnel and SPI. If the ordinances are allowed to stand, Pinnel will be taxed by Port
Isabel and SPI’s ETJ will be annexed by Port Isabel.


 Because the entire series of
annexation ordinances adopted by Port Isabel is necessary to annex the disputed land on
the Island (i.e., the Pinnel Property and SPI’s ETJ), we conclude that both Pinnel and SPI
have standing to challenge all of the disputed ordinances. See City of Northlake v. E.
Justin Joint Venture, 873 S.W.2d 413, 416–17 (Tex. App.—Fort Worth 1994, writ denied);
Missouri City v. Senior, 583 S.W.2d 444, 446 (Tex. Civ. App.—Houston [1st Dist.] 1979,
writ ref’d n.r.e.). 
Port Isabel argues that Pinnel and SPI have no standing to challenge the entire
series of annexation ordinances passed by Port Isabel because only ordinance 657
actually annexed the disputed land and created a special burden for Pinnel and SPI. We
disagree. On its own, ordinance 657 would not have imposed a special burden on Pinnel
and SPI because, on its own, ordinance 657 would be void. The validity of ordinance 657
depends on the validity of the other ordinances that extended Port Isabel’s city limits to the
shores of the Island. Without these ordinances, ordinance 657 would be of no effect. We
therefore conclude, as other courts have in similar situations, that the special burdens on
Pinnel and SPI were imposed by not only ordinance 657 but by all the ordinances on which
ordinance 657 depends. See E. Justin Joint Venture, 873 S.W.2d at 416–17; Senior, 583
S.W.2d at 446. 
For instance, in Senior, the claimants’ land was annexed by ordinance 116. Senior,
583 S.W.2d at 446. The claimants filed suit against the municipality, arguing that
ordinance 102, on which ordinance 116 depended, was void. Id. The municipality argued
that the claimants lacked standing to challenge ordinance 102, but both the trial court and
the court of appeals concluded that the claimants did have standing because ordinance
116 depended on ordinance 102. Id. 
Similarly, in E. Justin Joint Venture, the court concluded that a landowner had
standing to challenge the validity of a conversion ordinance that transformed a municipality
into a type-A general law municipality because it was “arguably . . . necessary” for the
annexation of the claimant’s property. E. Justin Joint Venture, 873 S.W.2d at 416–17. 
According to the court, the conversion ordinance caused “peculiar harm” to the claimant
and therefore conferred standing to sue. Id. at 417. 
For the foregoing reasons, we conclude that Pinnel and SPI have standing to sue. 
Port Isabel’s second issue is overruled. 
C. Texas Open Meetings Act 
In its third issue, Port Isabel argues that the trial court erred by denying its plea to
the jurisdiction based on SPI’s inability to bring a claim under the Texas Open Meeting Act. 
According to Port Isabel, “[The] Town does not have capacity or standing to collaterally
attack an annexation order, [and] it [therefore] makes no practical sense that it could
accomplish the same result through the vehicle of an Open Meetings violation.” 
          A city’s annexation may be challenged under the Texas Open Meetings Act, which
provides guidelines for standing to sue that are different from the common law test
discussed above:
          An interested person, including a member of the news media, may bring an
action by mandamus or injunction to stop, prevent, or reverse a violation or
threatened violation of this chapter by members of a governmental body. 
 
Tex. Gov’t Code Ann. § 551.142 (Vernon 2004); see also Hardee, 70 S.W.3d at 212–13. 
Port Isabel argues that SPI is not an “interested person,” but it fails to make any argument
other than those related to capacity and standing under the common law. We have noted
that capacity is not a jurisdictional issue and is, therefore, not a basis to dismiss for lack
of jurisdiction. See Mackie, 78 S.W.3d at 465. Additionally, we have concluded that SPI
has standing under the common law because it alleges that Port Isabel’s annexation
ordinances are void and because it further alleges that the ordinances directly affect it in
a manner different from the general public (i.e., they annex SPI’s ETJ). 
          As we have noted previously, “The majority of courts addressing the ‘interested
person’ requirement have adopted an extremely broad interpretation regarding who
constitutes an ‘interested person.’” Matagorda County Hosp. Dist. v. City of Palacios, 47
S.W.3d 96, 102 (Tex. App.—Corpus Christi 2001, no pet.) (citing illustrative case law). For
instance, the Austin court concluded that standing under the Texas Open Meetings Act is
broader than under the common law. See Save Our Springs Alliance, Inc. v. Lowry, 934
S.W.2d 161, 163 (Tex. App.—Austin 1996, orig. proceeding) (per curiam). The court
reasoned that the interest protected by the Texas Open Meetings Act is the interest of the
general public. Id. We have concluded that SPI has an interest more particularized than
that of the general public because its ETJ is directly affected by the disputed ordinances;
however, SPI also shares the general public’s interest in ensuring that the protections of
the Texas Open Meetings Act are enforced. We therefore conclude that SPI is an
“interested person” and has standing to sue under the Texas Open Meetings Act. 
          Port Isabel also argues that the trial court should have granted its plea to the
jurisdiction because SPI has failed to state a valid claim under the open meetings act. We
disagree. Failure to state a claim is a defect which should be challenged by special
exceptions, not by a plea to the jurisdiction. See Massey v. Armco Steel Co., 652 S.W.2d
932, 934 (Tex. 1983); Centennial Ins. Co. v. Commercial Union Ins. Cos., 803 S.W.2d 479,
483 (Tex. App.—Houston [14th Dist.] 1991, no writ) (“Although Fed. R. Civ. P. 12(b)(6)
provides for a motion to dismiss for failure to state a claim upon which relief can be
granted, the Texas Rules of Civil Procedure do not contain any analogous provision. 
Under the Texas Rules of Civil Procedure, the proper way for a defendant to urge that a
plaintiff has failed to plead a cause of action is by special exception.”). If the pleading
deficiency is of the type that cannot be cured by an amendment, a special exception is
unnecessary and a take-nothing summary judgment based on the pleadings’ failure to
state a legal claim is in order. James v. Hitchcock Indep. Sch. Dist., 742 S.W.2d 701, 704
(Tex. App.—Houston 1987, writ denied). The trial court did not err by denying Port Isabel’s
plea to the jurisdiction based on SPI’s failure to state a claim under the open meetings act. 
          Port Isabel’s third issue is overruled. 
D. Texas Public Information Act 

          In its fourth issue, Port Isabel contends that the trial court erred by denying its plea
to the jurisdiction based on SPI’s failure to “plead itself to be within the statutory
requirements for asserting a violation of the Public Information Act.” Port Isabel argues
that SPI “does not have the capacity to independently initiate a declaratory or injunctive
action against the City of Port Isabel.” 
          As we have noted, capacity is not a jurisdictional issue and therefore not a basis for
granting a plea to the jurisdiction. See Mackie, 78 S.W.3d at 465. We understand Port
Isabel’s fourth issue as also complaining of the relief sought by SPI under the information
act (i.e., declaratory and injunctive relief). This is a pleading defect, which is properly
challenged by a special exception, not by a plea to the jurisdiction. See Fort Bend County
v. Wilson, 825 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1992, no writ) (“Under
the Texas Rules of Civil Procedure, a special exception is the appropriate vehicle for urging
that the plaintiff has failed to plead a cause of action, and the pleader must be given, as
a matter of right, an opportunity to amend the pleading.”) (citing Moseley v. Hernandez,
797 S.W.2d 240, 242 (Tex. App.—Corpus Christi 1990, no writ)). Port Isabel’s fourth issue
is overruled.  
III. Conclusion 

          We affirm the judgment of the trial court. 



                                                                               _______________________
                                                                               DORI CONTRERAS GARZA,
                                                                               Justice
 
 
Opinion delivered and filed 
this the 24th day of March, 2005.