TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-09-00523-CV




Round Rock Life Connection Church, Inc.; Teddy J. Straub; Orlena Mehrabian;
 Hossain Mehrabian; Luciano Rivera; Tim Hubble; Judy Hubble; and 
Mary Jo Greenough, Appellants

v.

The City of Round Rock, Texas, Appellee




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 09-604-C368, HONORABLE BURT CARNES, JUDGE PRESIDING 




 M E M O R A N D U M O P I N I O N

                        Round Rock Life Connection Church, Inc., Teddy J. Straub, Orlena Mehrabian,
Hossain Mehrabian, Luciano Rivera, Tim Hubble, Judy Hubble, and Mary Jo Greenough
(collectively, “the Landowners”) sought both a temporary injunction enjoining the City of Round
Rock (“Round Rock”) from annexing their properties and a judgment declaring void ordinances
adopted by Round Rock that annexed their properties and that required property owners, including
the Landowners, to pay the costs of connecting to Round Rock’s water and sewer utility lines. In
the alternative, the Landowners sought a writ of mandamus requiring Round Rock to provide
municipal services to the Landowners on the effective date of their properties’ annexation. Round
Rock filed a “plea in abatement” asserting the Landowners lacked standing to bring suit.


 The trial
court sustained Round Rock’s plea and dismissed the matter. 
                        Because Round Rock’s plea addressed only the Landowners’ standing to challenge
the annexation of their properties and did not speak to the other claims raised by the Landowners,
we will affirm that part of the trial court’s judgment dismissing for lack of standing the Landowners’
challenge to the annexation ordinance and, without reaching the merits, reverse that part of the
judgment dismissing the other claims and remand for further proceedings consistent with
this opinion.

DISCUSSION
Standing and the Landowners’ Annexation Challenge
                        A challenge to a trial court’s subject-matter jurisdiction is reviewed de novo. Texas
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004). In reviewing a private
party’s standing to challenge an annexation, a reviewing court must decide whether the challenge
attacks the municipality’s power or authority to annex the area in question or only complains of some
violation of statutory procedure by the municipality. See City of Port Isabel v. Pinnell, 161 S.W.3d
233, 238 (Tex. App.—Corpus Christi 2005, no pet.); Werthmann v. City of Fort Worth, 121 S.W.3d
803, 806 (Tex. App.—Fort Worth 2003, no pet.); City of San Antonio v. Hardee, 70 S.W.3d 207, 210
(Tex. App.—San Antonio 2001, no pet.).

Background
                        A municipality generally must annex land pursuant to an annexation plan and give
three years’ notice of its intent to annex. See Tex. Loc. Gov’t Code Ann. § 43.052 (West 2008); City
of Rockwall v. Hughes, 246 S.W.3d 621, 623 (Tex. 2008). If an area is exempt from the three-year
notice requirement, a municipality may annex that area by use of abbreviated procedures with less
notice of the city’s intent to annex. See Tex. Loc. Gov’t Code Ann. §§43.061- .065 (West 2008);
Hughes, 246 S.W.3d at 623.
                        In pertinent parts, section 43.052 (entitled “Municipal Annexation Plan Required”)
of subchapter C (entitled “Annexation Procedure for Areas Annexed Under Municipal Annexation
Plan”) reads as follows:

 
                        (b)       A municipality may annex an area identified in the
annexation plan only as provided by this section.
 
                        (c)       A municipality shall prepare an annexation plan that
specifically identifies annexations that may occur
beginning on the third anniversary of the date the
annexation plan is adopted. The municipality may
amend the plan to specifically identify annexations
that may occur beginning on the third anniversary of
the date the plan is amended.
 
                                                            *          *          *
 
                        (h)       This section does not apply to an area proposed for
annexation if:
 
                                    (1)       the area contains fewer than 100
separate tracts of land on which one or
more residential dwellings are located
on each tract . . .
 
                                                            *          *          *
 
                        (i)        A municipality may not circumvent the requirements
of this section by proposing to separately annex two
or more areas described by Subsection (h)(1) if no
reason exists under generally accepted municipal
planning principles and practices for separately
annexing the areas. If a municipality proposes to
separately annex areas in violation of this section, a
person residing or owning land in the area may
petition the municipality to include the area in the
municipality’s annexation plan. . . .


Tex. Loc. Gov’t Code Ann. § 43.052 (emphases added). 
                        Round Rock notified the Landowners in February 2009 that it intended to annex their
properties located along East Old Settlers Road. In response, pursuant to section 43.052(i), the
Landowners petitioned Round Rock to include their properties in the city’s annexation plan.


 See
id. § 43.052(i). Round Rock denied their request, and the city council in May 2009 voted to annex
each of the Landowners’ properties. 
                        The Landowners filed suit, seeking both a temporary injunction enjoining Round
Rock from annexing their properties and from requiring the Landowners to pay the costs of hooking
up to Round Rock’s water and sewer utility lines, as well as a judgment declaring void the
ordinances adopted by Round Rock that annexed their properties and that required property owners,
including the Landowners, to pay the costs of connecting to the water and sewer utility lines. In the
alternative, pursuant to section 43.056(l) of the local government code, the Landowners sought a writ
of mandamus requiring Round Rock to provide municipal services to the Landowners on the
effective date of their properties’ annexation. See id. § 43.056(l). In response, Round Rock filed
a “plea in abatement” asserting the Landowners lacked standing to bring suit. 
                        The trial court’s order is titled “Order of Dismissal on Plea in Abatement” and recites
that the court heard the plea in abatement of Defendant, City of Round Rock, included in
paragraph II of Defendant’s original answer. In pertinent part, Round Rock’s plea averred
the following:
 
                        [The Landowners’] Petition alleges that the ordinances annexing their
properties are invalid because [Round Rock] failed to comply with
various procedural requirements of Chapter 43, Texas Local
Government Code. It is well settled law in the State of Texas that
procedural irregularities in municipal annexation ordinances can be
challenged only in a quo warranto proceeding brought by the State of
Texas through the County Attorney, District Attorney or the Attorney
General. Therefore, this action should be dismissed because of [the
Landowners’] lack of standing and/or capacity to bring this action.


After hearing the parties’ legal arguments, the trial court granted Round Rock’s plea and dismissed
the suit.
                        Unless an annexation is wholly void, that is, exceeding a municipality’s power or
authority to annex, or the Legislature has expressly granted a private right to challenge the
annexation in some manner, a quo warranto proceeding brought by the State is the only proper means
of attacking a municipality’s annexation in court. Hughes, 246 S.W.3d at 627. Private challenges
to annexation ordinances have been sustained as exceeding a municipality’s authority and thus held
void when: (1) the annexation goes beyond the statutory size limitations;


 (2) the municipality
attempts to annex areas within the corporate limits of another municipality; (3) the municipality
seeks to annex areas not contiguous with the municipality’s own limits;


 and (4) the municipality
attempts to annex an area with a boundary description that does not close. Alexander Oil Co. v. City
of Seguin, 825 S.W.2d 434, 438 (Tex. 1991); see City of West Orange v. State ex rel. City of Orange,
613 S.W.2d 236, 238 (Tex. 1981) (attempted annexation of territory not contiguous with
municipality’s own limits); City of Waco v. City of McGregor, 523 S.W.2d 649, 652 (Tex. 1975)
(attempted annexation of territory within corporate limits of another municipality); Deacon v. City
of Euless, 405 S.W.2d 59, 64 (Tex. 1966) (attempted annexation of territory exceeding statutory size
limitations); State ex rel. Rose v. City of LaPorte, 386 S.W.2d 782, 789 (Tex. 1965) (attempted
annexation in which boundary of annexed territory did not close using description contained in
ordinance). The common trait of these cases is that the municipality did not possess statutory
authority to undertake annexation. Alexander Oil, 825 S.W.2d at 438. It was not simply a matter
of the municipality’s failing to comply with procedural requirements. Rather, the municipality
lacked authority to pursue annexation at all. 
                        The Landowners assert the annexation of their properties is void because Round Rock
did not have the authority to circumvent the requirements of local government code section 43.052. 
See Tex. Loc. Gov’t Code Ann. § 43.052. In particular, they argue section 43.052(i), which reads
in pertinent part as follows, is an express limitation on Round Rock’s authority to annex.
 
                        (i)        A municipality may not circumvent the requirements
of this section by proposing to separately annex two
or more areas described by Subsection (h)(1) if no
reason exists under generally accepted municipal
planning principles and practices for separately
annexing the areas. . . . 


Id. § 43.052(i). In pertinent part, section 43.052(h)(1) reads as follows:

 
                        (h)       This section does not apply to an area proposed for
annexation if:
 
                                    (1)       the area contains fewer than 100
separate tracts of land on which one or
more residential dwellings are located
on each tract; . . . . 

 
Id. § 43.052(h)(1). The Landowners contend that, because their tracts of land failed to satisfy the
requirements of section 43.052(h)(1), Round Rock had no authority to annex their properties. See
id.
                        Round Rock asserts its annexation ordinances are valid, not void. It further argues
that the Landowners, being private individuals, lacked standing to attack the validity of Round
Rock’s annexation of their properties and that a quo warranto proceeding brought by the State is the
only proper means of attacking a municipality’s annexation. See Alexander Oil, 825 S.W.2d at 436.
                        Contrary to the Landowners’ contention, section 43.052(i) is not an express limitation
on a municipality’s annexation authority. Rather, it is part of subchapter 43C, which sets out
annexation procedures for areas included in the three-year annexation plans. See Tex. Loc. Gov’t
Code Ann. §§ 43.051-.057 (West 2008). By its terms, section 43.052(i) simply forbids a
municipality from circumventing the requirements of that section, that is, the requirement to prepare
a municipal annexation plan, if no reason exists for separately annexing the areas. Id. § 43.052(i). 
Because the Legislature has clearly indicated that the provisions of section 43.052 are procedural,
the Landowners’ complaint that Round Rock failed to comply with the requirements of that section
addresses procedure. See Werthmann, 121 S.W.3d at 807 (quoting City of Balch Springs v. Lucas,
101 S.W.3d 116, 122 (Tex. App.—Dallas 2002, no pet.); City of San Antonio v. Hardee, 70 S.W.3d
207, 212 (Tex. App.—San Antonio 2001, no pet.) (provisions of section 43.052 are procedural rather
than limitations on municipality’s inherent annexation authority); see also Hughes, 246 S.W.3d at
627, 631 (section 43.052(i) does not create substantive private right for landowner to compel
arbitration). As such, even if the Landowners proved Round Rock’s alleged noncompliance with
section 43.052, the annexation of their properties would be voidable, not void. Id. The annexation
of their properties not having been wholly void, the Landowners lacked standing to challenge Round
Rock’s annexation. See Hughes, 246 S.W.3d at 627; Alexander Oil, 825 S.W.2d at 436.
                        We affirm the trial court’s judgment dismissing the Landowners’ challenge of Round
Rock’s annexation ordinance for lack of standing.

Landowners’ Other Claims
                        Round Rock’s “plea in abatement” spoke only to the Landowners’ standing to
challenge the annexation of their properties. However, the Landowners also requested a temporary
injunction and judgment declaring that Round Rock is prohibited from requiring them to incur the
expense of connecting to Round Rock’s sewer and water lines in a manner inconsistent with
chapter 395 of the local government code. See Tex. Loc. Gov’t Code Ann. § 43.056(f)(2) (West
2008). Moreover, in the alternative, the Landowners sought a writ of mandamus requiring Round
Rock to provide municipal services on the effective date of their properties’ annexation. Id.
§ 43.056(l). Because Round Rock’s plea spoke only to the Landowners’ challenge to Round Rock’s
annexation ordinance and not to these additional claims, the trial court erred in dismissing, without
addressing, these other claims in its judgment.

CONCLUSION
                        We affirm that part of the trial court’s judgment dismissing the Landowners’
challenge to Round Rock’s ordinance annexing their properties. Without expressing any opinion
regarding the Landowners’ standing to pursue their additional claims or the respective merits of the
Landowners’ assertions, we reverse that part of the court’s judgment dismissing the Landowners’
other claims and remand to the court for further proceedings consistent with this opinion.
 
 
                                                                                    ____________________________________
                                                                                    David Puryear, Justice
Before Justices Puryear, Henson, and Goodwin

Affirmed in part; Reversed and Remanded in part

Filed: February 18, 2011