CITY OF BALCH SPRINGS, TEXAS, Appellant,

v.

The George F. LUCAS, Irrevocable Family Trust, Carolyn L. Bass, Trustee, Richard W. Caudle, United Investment Trust, Go Crete, Hanson Aggregates Central, Inc., Texas Industries, Inc., Lucas Bass Holdings, Ltd., David Paulson and Barbara Paulson, Appellees.

No. 05–02–01126–CV.

Court of Appeals of Texas, Dallas.

Dec. 23, 2002.

David Berman, Nichols Jackson Dillard & Smith, LLP, Dallas, for Appellant.

Arthur J. Anderson, Winstead Sechrest & Minick, P.C., Dallas, for Appellee.

Before Justices MOSELEY, LANG, and LAGARDE.[1]

## OPINION

Opinion by Justice LANG.

This is an interlocutory appeal by the City of Balch Springs (hereinafter "City") of the trial court's denial of its plea to the jurisdiction and entry of a temporary injunction prohibiting it from annexing, by ordinance, certain property within the City's extraterritorial jurisdiction. In four issues on appeal, the City contends that it was acting within the lawful exercise of its legislative authority in pursuing the annexation, and appellees' complaints are procedural, not substantive, which, if sustained, would render the proposed action voidable, not void. Accordingly, the City says the exclusive remedy is a *quo warranto* proceeding, and appellees have no standing to bring a private cause of action. Hence, the trial court had no jurisdiction over the case. The City further contends that because the trial court had no jurisdiction over the case, it had no jurisdiction to enjoin the City from annexing the property in question. For reasons that follow,

we resolve the jurisdictional issue in the City's favor, vacate the trial court's orders and dismiss the case. TEX.R.APP. P. 43.2(e).

### Factual and Procedural Background

The City, a home-rule city with a population of over 19,000 residents, sought to annex three tracts of land consisting of approximately 480 acres which include land owned by the appellees. The land in question is contiguous to the city and within its extraterritorial jurisdiction. The issues in this case arose as a result of certain amendments to chapter 43 of the Texas Local Government Code (the Municipal Annexation Act) enacted through Senate Bill 89, which became effective September 1, 1999. TEX. LOCAL GOV'T CODE ANN. § 43 (Vernon Supp.2003) (the "Act"). Under the new section 43.052 cities are required to prepare an annexation plan identifying anticipated annexations and wait three years before annexing those identified properties. The City adopted a municipal annexation plan on December 13, 1999; that plan did not include or identify any properties. The City contends, however, that under section 17, a transitional provision of Senate Bill 89, it is entitled to lawfully annex the property in question under pre-amendment law; therefore, the requirements of section 43.052 do not apply.

In March of 2002, the City published a notice in a local newspaper announcing public hearings regarding the proposed annexation. In April, the City conducted public hearings and scheduled consideration of the annexation ordinance for a city council meeting on May 13, 2002.

1. The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

On May 3, 2002, appellees filed their original petition and application for declaratory and injunctive relief claiming that the City's proposed annexation was unlawful because it did not comply with the requirements of the new section 43.052(b)-(c) of the Act. On May 13, 2002, before the city council could consider the proposed annexation ordinance, the appellees sought and obtained a temporary restraining order. After a hearing, the trial court entered a temporary injunction preventing the City from completing its proposed annexation. The temporary injunction ordered in relevant part that the City "desist and refrain from: 1. Annexing the approximately 480 acres of property located in its extraterritorial jurisdiction until the City complies with the requirements of § 43.052 of the Texas Local Government Code."

The City filed a plea to the jurisdiction of the trial court challenging the appellees' standing to bring this suit. According to the City, the appellees' complaints regarding the proposed annexation address solely procedural issues. The City contended that, even if appellees were correct in their claim that irregularities exist in the process, such alleged defects would render the annexation only voidable, not void. Accordingly, the City reasons, the only proper action by which the challenge to the annexation can be pursued is by a *quo warranto* proceeding brought by the State of Texas and not by way of a private action. Thus, the appellees had no standing to bring this private cause of action and the trial court had no jurisdiction to grant injunctive relief. The City's plea to the jurisdiction was denied July 15, 2002. This interlocutory appeal ensued from both the grant of the temporary injunction and the denial of the plea to the jurisdiction. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4), (8) (Vernon Supp.2003).

Specifically, appellees claim the trial court has jurisdiction because the City is attempting to annex their land without complying with the provisions of section 43.052 of the Act because: the City is not acting in accordance with its own annexation plan; is attempting to annex property under an exception to the applicable statute, section 43.052(h), which is not applicable to this annexation; and is attempting to circumvent the requirements of section 43.052 by arbitrarily omitting certain parcels from the annexation ordinance. Further, appellees claim that the requirements of section 43.052, which it contends the City failed to follow, are not procedural. Rather, appellees contend the requirements in section 43.052 are limits upon the City's annexation authority. Hence, the City's proposed annexation ordinance would be void if passed for lack of authority to pass it. Therefore, the City is subject to being enjoined by a suit brought by a private party.

### Standard of Review as to the Plea to Jurisdiction

"In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002), (citing *Tex. Natural Res. Conservation Com'n v. White,* 46 S.W.3d 864, 868 (Tex.2001), *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554–55 (Tex.2000))." "Because jurisdiction is a question of law, we review the trial court's ruling on a plea to the jurisdiction *de novo,* applying the same standards that the trial court applies." *Godley Indep. Sch. Dist. v. Woods,* 21 S.W.3d 656, 658 (Tex. App.-Waco 2000, pet. denied).

A review of an individual party's standing to challenge annexations centers

on an inquiry of whether the challenge attacks the city's authority to annex the area in question or simply complains of some violation of statutory procedure. *City of San Antonio v. Hardee,* 70 S.W.3d 207, 210 (Tex.App.-San Antonio 2001, no pet.). *See City of Wichita Falls v. Pearce,* 33 S.W.3d 415, 417(Tex.App.-Fort Worth 2000, no pet.). "Distinction should ·be drawn between municipal acts unauthorized by law or color of law, and those consisting of a mere irregular exercise of power." *Hardee,* 70 S.W.3d at 210 (citing *Forbes v. City of Houston,* 304 S.W.2d 542, 546 (Tex.Civ.App.-Galveston 1957, writ ref'd n.r.e.)). Private causes of action have been allowed to challenge:

> (1) annexation of territory exceeding the statutory municipal size limits; (2) attempts to annex areas included in the extraterritorial jurisdiction of another city; (3) attempts to annex areas not contiguous with current city limits; and (4) annexation of an area with a boundary description that does not close.... A *quo warranto* suit is the proper way to challenge procedural irregularities such as lack of notice, adequacy of the service plan, lack of quorum for hearing, and other deficiencies in the procedure of adopting the annexation ordinance. *See Laidlaw Waste Sys. (Dallas) Inc. v. City of Wilmer,* 904 S.W.2d 656, 658 (Tex.1995); *Pearce,* 33 S.W.3d at 417; *Forbes,* 304 S.W.2d at 546.

*Hardee,* 70 S.W.3d at 210.

In *Alexander Oil Company v. City of Seguin,* 825 S.W.2d 434, 437 (Tex.1991), the Texas Supreme Court described the history of the court's directions respecting relief pursuant to *quo warranto:*

> Through *quo warranto* proceedings, 'the State acts to protect itself and the good of the public generally, through the duly chosen agents of the State who have full control of the proceeding.'

*Fuller Springs v. State ex rel. City of Lufkin,* 513 S.W.2d 17,19 (Tex.1974). Therefore, the State must bring the action to question irregular use of the delegated annexation authority.

> Furthermore, *quo warranto* proceedings serve another purpose. By requiring that the State bring such a proceeding, we avoid the specter of numerous successive suits by private parties attacking the validity of annexations. *Kuhn v. City of Yoakum,* 6 S.W.2d 91, 92 (Tex. Comm'n. App.1928, jdgm't adopted). The judgments of suits brought by private parties are binding only on the parties thereto so conflicting results might be reached in subsequent suits by other individuals. These problems are avoided by requiring *quo warranto* proceedings because the judgment settles the validity of the annexation on behalf of all property holders in the affected area. *Id.; see also Superior Oil Co. v. City of Port Arthur,* 726 F.2d ·203, 206 (5th Cir.1984).
>
> The requirement that an action seeking to set aside annexation for irregular use of power be brought as a *quo warranto* proceeding dates back as early as 1886. *Graham v. City of Greenville,* 67 Tex. 62, 2 S.W. 742, 744–45 (1886). It continues to be followed today. [ ] The fact that the Legislature has reacted to other holdings regarding annexation, but has not acted to expressly provide a private action to set aside annexation in reaction to these cases, supports the position that a *quo warranto* proceeding is required to set aside annexation unless it is void.

*Alexander,* 825 S.W.2d at 437. (emphasis added) (citations omitted).

*Application of Law to Facts*

■ Appellees' complaints about the proposed ordinance are similar to those

raised against the City of San Antonio in the *Hardee* case. There, the plaintiff complained that the city had exceeded its authority to annex because it failed to file a plan pursuant to section 43.052 and could annex property only in accordance with such a plan. The City of San Antonio argued that it was not required to proceed in accordance with section 43.052 because it could continue to annex property in accordance with the law in effect prior to the amendments to section 43.052, as authorized by Section 17 of the enabling legislation. That enabling legislation expressly provides that until December 31, 2002, "a municipality may continue to annex any area during the period beginning December 31, 1999, and ending December 31, 2002, under Chapter 43, Local Government Code, as it existed immediately before September 1, 1999, if the area is not included in the annexation plan, and the former law is continued in effect for that purpose." Acts of May 30, 1999, 76th Leg., R.S., ch. 1167, § 17(b)-(c), 1999 Tex. Gen. Laws 4090.

■ In analyzing the plaintiff's claim that section 43.052 was a limitation on the city's inherent authority to annex property, the court in *Hardee* found that "[t]he new section 43.052 does not limit the area or type of land a city may annex; rather it prescribes a three year planning process, presumably to give the public better notice of proposed city growth and services. Therefore, it appears Tex. Loc. Gov't Code Ann. § 43.052(b)-(c) is a procedural requirement for annexation rather than a limit on the City's authority to annex." *Hardee*, 70 S.W.3d at 212.

As in *Hardee*, the appellees in this case do not challenge the inherent authority of the City to annex the property in question. Rather, they allege that the provisions of section 43.052 are express legislative limitations upon the City's authority. In oral argument, appellees opined that the San Antonio Court of Appeals improperly decided *Hardee* by finding that the three year annexation plan requirement of section 43.052(b)-(c) was merely procedural.

In support of their position, appellees cite *City of Northlake v. East Justin Joint Venture*, 873 S.W.2d 413 (Tex.App.-Fort Worth 1994, writ denied), for the proposition that a city's failure to follow statutory procedures can render an ordinance void. In that case, the Fort Worth Court of Appeals properly held that ordinances are not void unless the municipality has exceeded its authority. However, that court reasoned that because the Northlake City Council purported to pass a conversion ordinance with fewer votes than required by the applicable statute[2] the defect "rises to the level where the ordinance is void, and not just voidable. The council's action without the requisite votes does not reach the threshold of *colorable authority.*" *Id.* at 417. (emphasis added).

■ The *Northlake* case is inapposite to this case. There is no contention here that the "procedures" engaged in by the City are so defective they do "not reach the threshold of colorable authority." *Id.* In fact, the City Council of Balch Springs has yet to vote. The trial court's injunction prohibited the City from proceeding to a vote on the proposed annexation. As we stated above, no private cause of action can be brought to attack an annexation unless it is "void." In fact, injunctive relief is not available to enjoin the enactment of a "void" ordinance, unless the *mere* enactment of the ordinance will work irreparable injury. *Universal City v. City of Selma*, 514 S.W.2d 64, 73 (Tex.Civ.App.-Waco 1974, writ ref'd n.r.e.), *disapproved*

---

2. Tex. Local Gov't Code Ann. § 6.012 (Vernon 1988).

*on other grounds by Alexander,* 825 S.W.2d at 439 (citing *City of Dallas v. Couchman,* 249 S.W. 234, 239 (Tex.Civ. App.-Dallas 1923, writ ref'd); *City of Monahans v. State,* 348 S.W.2d 176, 179 (Tex. Civ.App.-El Paso 1961, writ ref'd n.r.e.); *City of Arlington v. City of Grand Prairie,* 451 S.W.2d 284, 293 (Tex.Civ.App.-Fort Worth 1970, writ ref'd n.r.e.)); *Larkins v. Denison,* 683 S.W.2d 754, 756 (Tex.App.-Dallas 1984, no writ).

Because it is plain that a private cause of action is allowed only when the annexation is, or would be, void and the actions of the City about which appellees complain are procedural, *quo warranto* is the sole means available to attack the annexation. *Alexander,* 825 S.W.2d at 437; *Hardee,* 70 S.W.3d at 210; *see Laidlaw Waste Systems (Dallas), Inc.,* 904 S.W.2d at 658.

### *Conclusion*

We disagree with the appellees that the San Antonio Court of Appeals improperly decided the *Hardee* case. We agree with that court's characterization of the provisions of section 43.052 as being procedural, rather than limitations on the City's inherent authority to annex. *Hardee,* 70 S.W.3d at 212. Appellees' complaints about the City's lack of compliance with section 43.052 address procedure. As such, even if the alleged improprieties were proven by appellees, the proposed annexation would be voidable, not void. Consequently, the exclusive remedy is a *quo warranto* proceeding brought by a representative of the State of Texas. We conclude, therefore, that the appellees lack standing to bring this private action. Further, we conclude that because the appellees lack standing, the trial court lacked jurisdiction. Accordingly, the trial court's denial of the City's plea to the jurisdiction was error.

Even assuming that we had found jurisdiction to exist, the City is free of the strictures of the new section 43.052 as asserted by appellees respecting this proposed annexation. Section 17 of the enabling legislation makes it abundantly clear that as to any annexation during the period from December 31, 1999, until December 31, 2002, the provisions of the previous statutory sections apply. Accordingly, appellees' arguments respecting alleged improprieties under new section 43.052(b),(c), and (h) are unavailing and without merit.

We sustain the City's point of error number four. We vacate the trial court's order denying the plea to the jurisdiction, dissolve the temporary injunction, and dismiss the case.

MOSELEY, J., respectfully concurs in the dissolution of the injunction, and dissents in all other respects, without opinion.