COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-03-122-CV
 
JOSEPH P. WERTHMANN AND WIFE,                                    APPELLANTS
SANDRA B. WERTHMANN; MIKE 
MAAS;                           AND 
APPELLEES
A.H.R. TRUCKING INC., A TEXAS
CORPORATION; T.J. & C. 
PROPERTIES,
LTD., A TEXAS LIMITED 
PARTNERSHIP;
THERMACOR PROCESS, L.P., A 
TEXAS
LIMITED PARTNERSHIP; STONE 
CREEK
FARMS I, LTD., A TEXAS LIMITED 
PARTNERSHIP; AND RICHARD B. 
BENDER 
 
V.
 
CITY OF FORT WORTH, TEXAS                                                 APPELLEE
AND APPELLANT

------------

FROM THE 48TH DISTRICT COURT 
OF TARRANT COUNTY

------------

OPINION

------------
        The 
Texas Local Government Code was amended in 1999 to reflect new requirements 
regarding land annexation. As a result of the amendments, section 43.052(c) 
provides:
A 
municipality shall prepare an annexation plan that specifically identifies 
annexations that may occur beginning on the third anniversary of the date the 
annexation plan is adopted. The municipality may amend the plan to specifically 
identify annexations that may occur beginning on the third anniversary of the 
date the plan is amended.

Tex. Loc. Gov’t Code Ann. § 43.052(c) 
(Vernon Supp. 2003). This case presents a question of whether the section’s 
requirements are substantive or merely procedural.
Factual and 
Procedural Background
         The 
City of Fort Worth (“Appellee”) passed an ordinance annexing 7,744 acres 
along Highway 287 (“US 287 Zone”) for limited purposes on January 7, 2003. 
Appellee’s plan provided that the property would be annexed for full purposes 
by November 28, 2005. Several parties (“Appellants”) that own land within 
the US 287 Zone filed suit challenging Appellee’s authority to annex the land. 
Appellants contend that the annexation violated section 43.052(c) of the Texas 
Local Government Code. Appellee claims the annexation is valid because the 
annexation was for limited purposes and therefore was not governed by section 
43.052. Appellee further contends that, even if Appellee’s ordinance violated 
section 43.052, Appellants had no standing to challenge the annexation.
        Appellee 
entered a plea to the jurisdiction, challenging Appellants’ standing to bring 
their suit. Appellee argued that the trial court did not have subject matter 
jurisdiction over Appellants’ private claims because a proceeding in quo 
warranto was the proper action. The only proper method for attacking the 
validity of a city’s annexation of territory is by quo warranto proceeding, 
unless the annexation is wholly void. Alexander Oil Co. v. City of 
Seguin, 825 S.W.2d 434, 436 (Tex. 1991); Tex. Civ. Prac. & Rem. Code Ann. § 
66.001-.003 (Vernon 1997). The purpose of a quo warranto 
proceeding is to question the right of a person or corporation, including a 
municipality, to exercise a public franchise or office. Id. at 436-37. 
The State must bring the action to question irregular use of the delegated 
authority. Id. at 437. By requiring that the State bring such a 
proceeding, we avoid the specter of numerous successive suits by private parties 
attacking the validity of annexations. Id. The requirement that an action 
seeking to set aside annexation for irregular use of power be brought as a quo 
warranto proceeding dates back as early as 1886. Graham v. City of 
Greenville, 67 Tex. 62, 2 S.W. 742, 744-45 (1886). It continues to be 
followed today. Alexander Oil, 825 S.W.2d at 437. A quo warranto proceeding 
is required to set aside annexation unless it is void. Id.
 
        The 
trial court denied Appellee’s plea to the jurisdiction and rendered a final 
take-nothing judgment in favor of Appellee. Although requested, no findings of 
fact and conclusions of law were filed. Appellants appeal the final judgment. 
Appellee cross-appeals the denial of its plea to the jurisdiction. In its side 
issue, Appellee contends that Appellants lack standing to challenge the city’s 
annexation of the US 287 Zone.
Standard of 
Review
        A 
plea to the jurisdiction contests the authority of a court to determine the 
subject matter of the cause of action. Dolenz v. Tex. State Bd. of Med. 
Examiners, 899 S.W.2d 809, 811 (Tex. App.—Austin 1995, no writ). Whether a 
trial court has subject matter jurisdiction is a question of law reviewed under 
the de novo standard. Mayhew v. 
Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998); Denton County v. 
Howard, 22 S.W.3d 113, 118 (Tex. App.—Fort Worth 2000, no pet.). Standing 
is a component of subject matter jurisdiction. Tex. Ass’n of Bus. v. Tex. 
Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993).         As 
the party seeking to invoke the trial court’s jurisdiction, Appellants had the 
burden to allege facts that affirmatively showed the trial court had subject 
matter jurisdiction over their case. Id. at 446. In determining whether 
jurisdiction exists, we look not to the merits of Appellants’ claims, but to 
the allegations in the pleadings. We accept them as true, and construe them in 
favor of the pleader. County of Cameron v. Brown, 80 S.W.3d 549, 555 
(Tex. 2002); MET-Rx USA, Inc. v. Shipman, 62 S.W.3d 807, 810 (Tex. 
App.—Waco 2001, pet. denied). We may also consider relevant evidence necessary 
to resolve the jurisdictional issues raised. Brown, 80 S.W.3d at 555.
Discussion
        In 
reviewing a private party’s standing to challenge an annexation, an appellate 
court must decide whether the challenge attacks the city’s authority to annex 
the area in question or simply complains of some violation of statutory 
procedure. City of San Antonio v. Hardee, 70 S.W.3d 207, 210 (Tex. 
App.—San Antonio 2001, no pet.). Merely showing an irregularity in a city’s 
exercise of its annexation authority is not enough. Alexander Oil, 825 
S.W.2d at 438; May v. City of McKinney, 479 S.W.2d 114, 120 (Tex. Civ. 
App.—Dallas 1972, writ ref’d n.r.e.). Private parties have standing to 
challenge an annexation only when the annexation is void because a municipality 
exceeds its authority to annex. Alexander Oil, 825 S.W.2d at 438; City 
of Wichita Falls v. Pearce, 33 S.W.3d 415, 417 (Tex. App.—Fort Worth 2000, 
no pet.). Historically, Texas courts have held that an annexation ordinance 
exceeds a municipality’s authority when the annexation: 1) exceeds the 
statutory limits on size; 2) attempts to annex areas within the jurisdiction of 
another city; 3) attempts to annex areas not contiguous with city limits; and 4) 
attempts to annex an area with an open boundary description. Alexander Oil, 
825 S.W.2d at 438. A collateral attack by a private party must show an entire 
want of power on the part of the city to annex. May, 479 S.W.2d at 120.
        A 
municipality that violates procedural requirements in the process of exercising 
annexation power may render an annexation voidable but not void. City of 
Balch Springs v. Lucas, 101 S.W.3d 116, 122 (Tex. App.—Dallas 2002, no 
pet.); Hardee, 70 S.W.3d at 212. When a voidable annexation is 
challenged, the proper action is a quo warranto proceeding. Alexander 
Oil, 825 S.W.2d at 439. Thus, when an annexation is challenged on procedural 
grounds, a quo warranto suit is the appropriate method for opposing an 
annexation. Id. Only the State can challenge annexation for such 
procedural irregularities because those irregularities result in voidable 
ordinances. Id. The issue, then, is whether the requirements of Texas 
Local Government Code section 43.052(b)-(c) are merely procedural limitations 
and/or whether they are substantive limitations on a municipality’s authority 
to annex land.
         Two 
Texas courts have addressed whether the restrictions in section 43.052 are 
procedural or substantive. In Hardee, the plaintiffs argued that they had 
standing to sue because the City of San Antonio acted outside its annexation 
authority by failing to adopt a required annexation plan on or before December 
31, 1999, as required by section 43.052. 70 S.W.3d at 211-12. The San Antonio 
Court of Appeals treated the changes to section 43.052 as an amendment to the 
prior notice and hearing requirements in the annexation law and held the 
landowners had no standing to challenge the annexation. Id. at 212. The 
court concluded that 43.052(b)-(c) is a procedural requirement for annexation 
rather than a limit on a city’s authority to annex because section 43.052 does 
not place limits on the area or type of land a city may annex. Instead, it 
simply requires a three-year planning process. Id. In Lucas, the 
landowners claimed that they had standing to challenge annexation because the 
City of Balch Springs violated section 43.052 by not complying with its own 
annexation plan. 101 S.W.3d at 119. In concurring with the Hardee court 
and holding that the landowners lacked standing to challenge the annexation, the 
Lucas court stated:
We 
agree with that court’s characterization of the provisions of section 43.052 
as being procedural, rather than limitations on the City’s inherent authority 
to annex. Appellees’ complaints about the City’s lack of compliance with 
section 43.052 address procedure. As such, even if the alleged improprieties 
were proven by appellees, the proposed annexation would be voidable, not void. 
Consequently, the exclusive remedy is a quo warranto proceeding brought 
by a representative of the State of Texas.

Id. 
at 122. (citations omitted).
        Further, 
chapter 43 of the Texas Local Government Code and the legislative history of the 
1999 amendments refer to the plan requirements as procedural. For example, 
subchapter C, which includes section 43.052, is entitled, “Annexation Procedure 
for Areas Annexed Under Municipal Annexation Plan.” [Emphasis supplied.] The 
bill analysis for Senate Bill 89, which amended section 43.052, states:
Currently, 
under Texas law, municipalities have the exclusive right to annex within their 
extraterritorial jurisdictions. This bill revises the municipal annexation 
process, requiring cities to implement advance annexation planning procedures 
and providing for the timely provision of services to the annexed areas, among 
other revisions.

Senate Research Center, Bill Analysis, Tex. 
S.B. 89, 76th Leg., R.S. (1999).

        We 
agree with the cases holding that the provisions of section 43.052 are 
procedural requirements for annexation rather than limitations on a 
municipality’s inherent authority to annex land. As in Hardee and Lucas, 
Appellants do not dispute Appellee’s inherent authority to annex the US 287 
Zone. Rather, they challenge whether Appellee has followed the proper 
procedures. A challenge based on procedural violations cannot be brought in a 
private challenge; it must be raised in a quo warranto proceeding. Alexander 
Oil, 825 S.W.2d at 436. Consequently, Appellants have no standing to 
challenge the annexation of the US 287 Zone.  
        This 
court has previously acknowledged that, although it may seem harsh at times, 
there are strong policy reasons behind requiring quo warranto proceedings 
to challenge voidable annexations. We recognized in Pearce that:
If 
private challenges were allowed, numerous suits by various property holders 
could be brought. . . . [S]uccessive suits could lead to the anomalous situation 
where neighboring property owners were bound by drastically different judgments. 
Requiring the State to bring these challenges allows one judgment binding all 
the property owners involved and settles the validity of the ordinance.

33 
S.W.3d at 417 (citing Kuhn v. City of Yoakum, 6 S.W.2d 91, 92 (Tex. 
Comm’n App. 1928, judgm’t adopted)). For all these reasons, we sustain 
Appellee’s issue.
Conclusion
        We reverse the trial court’s judgment and render 
judgment granting Appellee’s plea to the jurisdiction and dismissing 
Appellants’ case for want of jurisdiction. Tex. R. App. P. 43.2(c). Consequently, 
we do not address Appellants’ issues. Tex. 
R. App. P. 47.1.
 
                                                                                                    DIXON 
W. HOLMAN
                                                                  JUSTICE
 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: October 16, 2003