Opinion issued August 20, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-14-00932-CV

———————————————

## CITY OF RICHMOND, TEXAS, Appellant

## V.

## PECAN GROVE MUNICIPAL UTILITY DISTRICT, Appellee

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 14-DCV-217359

## MEMORANDUM OPINION

In this interlocutory appeal,[1] appellant, the City of Richmond, Texas, (the "City"), challenges the trial court's order denying its plea to the jurisdiction in the suit of appellee, Pecan Grove Municipal Utility District (the "District"), against the City for judgment declaring that the City's annexation of certain property is void.[2] In its sole issue, the City contends that the trial court lacks subject matter jurisdiction over the District's suit.

We vacate the order and dismiss the case.

## Background

In its original petition, the District alleges that the City, as a home-rule municipality, is authorized to annex land within its extraterritorial jurisdiction only if the land is contiguous with its boundary. Geraldine Abb-Ivey petitioned the City to annex a 5.5-acre tract of land (the "property") owned by her and located at 1717 FM 359, asserting that the property was contiguous with the City's boundary. After the City determined that the property was not actually contiguous with its boundary, it annexed a 10-foot-wide, 0.286-acre, strip of land (the "strip"), owned by the Texas Department of Transportation ("TxDOT"), in order to connect the property to its boundary. The District asserted that the City is statutorily

---

[1] *See* TEX. CIV. PRAC. & REM CODE ANN. § 51.014(a)(8) (Vernon 2015) (authorizing interlocutory appeal from order denying plea to jurisdiction by governmental unit).

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011 (Vernon 2015).

2

prohibited from annexing land that is less than 1,000 feet wide at its narrowest point without a petition for annexation by the landowner[3] and TxDOT did not petition for annexation. The District sought a declaration that the City's annexation of both the strip and the property is void.

The City filed an answer, generally denying the allegations, and a plea to the jurisdiction, asserting that it was immune from suit and liability. The City asserted that the District's suit for declaratory relief is barred by governmental immunity and a "quo warranto proceeding is required to set aside an annexation." The City argued that the District lacked standing to bring its suit because it "cannot show a particularized injury due to, or any legal rights it may have that are or will be affected by, the City's annexation." It further asserted that it had annexed the strip only after receiving from TxDOT a "letter of no objection," which serves as a petition for annexation. Finally, the City specially excepted to the District's petition on the ground that it "did not allege a valid waiver of . . . immunity" or "any basis to support [the District's] standing to bring this suit."

In its response to the City's plea to the jurisdiction, the District argued that the City's immunity is statutorily waived because the District seeks a declaration construing and invalidating an ordinance,[4] the City's annexation of the strip is void

---

[3]     See TEX. LOC. GOV'T CODE ANN. § 43.054 (Vernon 2008).

[4]     See TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011 ("Uniform Declaratory Judgments Act").

because TxDOT did not petition for annexation, and the City's annexation of the property is void because the property is not contiguous with the City's territorial limit without the strip. And it argued that because the District is "challenging the City's attempted annexation" on the ground that it is "void," and "not voidable," a quo warranto proceeding is not required. The District further argued that it has standing to challenge the annexation because it is a "competing potential service provider to the annexed tracts" and an "affected sales tax collector." And it asserted that the annexation expanded the City's extra-territorial jurisdiction, which will require it to seek additional City approval for construction projects in other areas.

To its response, the District attached Abb-Ivey's Petition for Annexation; an exhibit depicting the location of the annexed tracts; TxDOT's June 13, 2014 letter to the City stating that it had no objection to annexation of the strip; and the City's resolution and ordinance annexing the strip and the property. The District also attached the affidavit of its engineer, Scott C. Saenger, who testified that the property was "not contiguous with or adjacent to the city limits." And it attached the affidavit of G.E. Kluppel, the secretary of its board of directors, who testified that the District was a "potential provider of utility services" to the property and the "City's annexation of this land preclude[d] the District from providing utilities to it."

In its reply, the City asserted that the District had "suffered no harm due to annexation," and, through its correspondence with the City and the State of Texas, the District had established that it had "no intention of providing services to any development of the [p]roperty." The City also asserted that the parties had agreed to share in certain sales tax revenues under their 2007 Strategic Partnership Agreement ("SPA"), which does not include the property or any tax revenues generated by the development of the property. The City attached to its reply the District's February 22, 2013 letter to the Texas Department of Housing and Community Affairs, stating that the District "[did] not know where water and sewer services would come from" to service the property and "[did] not have extra capacity to provide water or sewer service to the proposed development" on the property. And it attached the SPA and a map of the area governed by the SPA. The City also attached the affidavit of Brad Shodek, a professional land surveyor, and vicinity maps showing that the property has been located within the City's extra-territorial jurisdiction since 1985.

After a hearing, the trial court denied the City's plea to the jurisdiction.

**Standard of Review**

We review de novo a trial court's ruling on a jurisdictional plea. *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323 (Tex. 2006); *City of Hous. v.*

5

*Vallejo*, 371 S.W.3d 499, 501 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Villarreal v. Harris Cnty.*, 226 S.W.3d 537, 541 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A plea to the jurisdiction may be utilized to challenge whether the plaintiff has met its burden of alleging jurisdictional facts or to challenge the existence of jurisdictional facts. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004).

When a plea to the jurisdiction challenges the pleadings, we determine whether the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction. *Id.* We construe the pleadings liberally in favor of the pleader, accept all factual allegations as true, and look to the pleader's intent. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012).

Review of a plea challenging the existence of jurisdictional facts mirrors that of a matter-of-law summary-judgment motion. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *City of Hous. v. Guthrie*, 332 S.W.3d 578, 587 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("[T]his standard generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c). . . . By requiring the [political subdivision] to meet the summary judgment standard of proof . . . , we protect the plaintiffs from having to put on

6

their case simply to establish jurisdiction."); *see also* TEX. R. CIV. P. 166a(c). A court may consider evidence as necessary to resolve a dispute over the jurisdictional facts, even if the evidence "implicates both the subject matter jurisdiction of the court and the merits of the case." *Miranda*, 133 S.W.3d at 226. We take as true all evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id*. at 228. If the defendant meets its burden to establish that the trial court lacks jurisdiction, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Id*. at 227–28. If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted and a fact finder must resolve the issue. *Id*. On the other hand, if the evidence is undisputed or fails to raise a fact issue, the plea must be determined as a matter of law. *Id.* at 228; *Garcia*, 372 S.W.3d at 635.

### Standing

In its sole issue, the City argues that the trial court erred in denying its plea to the jurisdiction because the District does not have standing to challenge the annexation, the annexation of the property was lawful, and "[o]nly the Attorney General may challenge the annexation."

"A request for declaratory relief alone does not establish jurisdiction"; rather, "the Uniform Declaratory Judgments Act . . . is 'merely a procedural device for deciding cases already within a court's jurisdiction.'" *Chenault v. Phillips*, 914

7

S.W.2d 140, 141 (Tex. 1996) (quoting *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994), and citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011). Standing is implicit in the concept of subject-matter jurisdiction, and subject-matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Thus, standing is never presumed and cannot be waived. *Id.* at 443–44.

The test for standing requires that there be a real controversy between the parties that will actually be determined by the judicial declaration sought. *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996). Without a breach of a legal right belonging to the plaintiff, no cause of action can accrue to its benefit. *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976). A party has standing to sue if: (1) it has sustained, or is immediately in danger of sustaining, some direct injury as a result of the wrongful act of which it complains; (2) has a direct relationship between the alleged injury and claim sought to be adjudicated; (3) has an individual stake in the controversy; (4) the challenged action has caused it some injury in fact, either economic, recreational, environmental, or otherwise; or (5) it is an appropriate party to assert the public's interest in the matter as well as its own interest. *City of Bells v. Greater Texoma Util. Auth.*, 790 S.W.2d 6, 11 (Tex. App.—Dallas 1990, writ denied); *Billy B., Inc.*

*v. Bd. of Trustees*, 717 S.W.2d 156, 158 (Tex. App.—Houston [1st Dist.] 1986, no writ).

We first address the City's assertion that "this annexation may only be challenged through quo warranto proceedings" brought by the attorney general. A writ of quo warranto is an extraordinary remedy available to challenge a city's authority and its right to act. *See Village of Lakeway v. Lakeway Mun. Util. Dist. No. 1*, 657 S.W.2d 912, 915 (Tex. App.—Austin 1983, writ ref'd n.r.e.). Quo warranto proceedings are brought in the name of the State by the attorney general or a district or county attorney. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 66.002 (Vernon 2008); *Walton v. City of Midland*, 287 S.W.3d 97, 101 (Tex. App.—Eastland 2009, pet. denied). In a quo warranto proceeding, the State acts to protect itself and the public good, although it may bring a proceeding "at the instance of, and for the benefit of, a private individual with a special interest." *Midland*, 287 S.W.3d at 101.

Whether a party other than the State has standing to challenge an annexation turns on whether the challenge complains of a violation of statutory procedure or attacks a city's authority to annex the area at issue. *City of San Antonio v. Summerglen Prop. Owners Ass'n, Inc.*, 185 S.W.3d 74, 83 (Tex. App.—San Antonio 2005, pet. denied); *see also Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist.*, 198 S.W.3d 300, 310–11 (Tex. App.—Texarkana 2006, pet.

denied) (distinguishing "voidable" acts based on procedural irregularities, which must be challenged by quo warranto proceeding, from "void" acts, which may be challenged through other legal proceedings). A quo warranto proceeding is the "only proper method" to attack the validity of a city's annexation of territory, "unless the annexation is wholly void." *Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 436 (Tex. 1991); *Guthrie*, 332 S.W.3d at 595–56.

Procedural irregularities in the exercise of a city's annexation power do not render an annexation void, but may render an annexation voidable. *City of Port Isabel v. Pinnell*, 161 S.W.3d 233, 239 (Tex. App.—Corpus Christi 2005, no pet.); *City of Hous. v. Harris Cnty. Eastex Oaks Water & Sewer Dist.*, 438 S.W.2d 941, 944 (Tex. Civ. App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.) (holding proceedings constituting irregular exercise of power not void). A quo warranto suit by the State on behalf of its citizens is the only proper method to challenge procedural irregularities "such as a lack of [statutory] notice, [in]adequacy of a service plan, lack of a quorum for a hearing, and other defects in the process of adopting an annexation ordinance." *Town of Fairview v. Lawler*, 252 S.W.3d 853, 856 (Tex. App.—Dallas 2008, no pet.).

A party other than the State may challenge an annexation as "void" on the ground that a municipality has exceeded its authority, delegated to it by the legislature, by attempting to (1) annex territory exceeding the statutory municipal

10

size limits; (2) annex areas included in the extraterritorial jurisdiction of another city; (3) annex areas not contiguous with current city limits; or (4) annex an area with a boundary description that does not "close." *See Alexander Oil*, 825 S.W.2d at 438 (citations omitted); *see also Laidlaw Waste Sys.*, 904 S.W.2d at 658 (holding private party may collaterally attack annexation exceeding the annexation authority granted by statute); *City of Balch Springs, Tex. v. Lucas*, 101 S.W.3d 116, 120 (Tex. App.—Dallas 2002, no pet.) (stating private cause of action allowed to challenge character or size of land annexed but not deficiencies in procedure of adopting annexation ordinance).

In support of its assertion that the District's challenge may only be asserted through a quo warranto proceeding, the City relies on *Lucas*, in which certain landowners petitioned for declaratory relief on the ground that the city was attempting to annex their land without complying with the specific provisions of a statutorily mandated municipal annexation plan. 101 S.W.3d at 119, 122; *see* TEX. LOC. GOV'T CODE ANN. § 43.052 (Vernon 2008). The court held that because the statutory provisions at issue did not limit the area or type of land that the city could annex, but instead prescribed a planning process, the actions about which the landowners complained were procedural. *Lucas*, 101 S.W.3d at 121. Thus, even if the alleged improprieties were proven, the proposed annexation would be voidable,

11

not void. *Id.* at 122. And the landowners lacked standing to bring a private cause of action. *Id.*

In support of its assertion that a quo warranto proceeding is not required to challenge the City's annexation as void on the ground that the City exceeded its authority to annex, the District relies on *City of Missouri City v. State ex rel. City of Alvin*, 123 S.W.3d 606, 617 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). In *Missouri City*, the State, on behalf of the City of Alvin, filed a quo warranto action against Missouri City, alleging that it had illegally annexed land in Alvin's territorial limits and violated statutory law by extending its territory into Alvin's extra-territorial jurisdiction without consent and annexing a strip of land less than 1000 feet wide at its narrowest point. 123 S.W.3d at 608–09, 611; *see* TEX. LOC. GOV'T CODE ANN. §§ 42.041, 43.0545 (Vernon 2008). Alvin filed a petition in intervention seeking declaratory relief. *Missouri City*, 123 S.W.3d at 610. Missouri City asserted that a quo warranto proceeding was required to challenge the annexation and Alvin could not maintain the action on its own. *Id.* at 610–11. The court, after noting that Alvin's issues were "identical to those in the quo warranto action," held that Alvin "could have brought the challenge in its own name" as a "private challenge to annexation is permitted when [an] annexation ordinance is void because [a] municipality exceeded its authority to annex." *Id.* at 617.

Here, like Alvin in *Missouri City*, the District asserts that the City's annexation of the strip and property is void based on violations of statutory law that limit the area and type of land that the City may annex. *See* TEX. LOC. GOV'T CODE ANN. §§ 42.041 (municipality may not annex area in another municipality's extra-territorial jurisdiction without written consent), 43.0545 (prohibiting annexation of area less than 1000 feet wide at narrowest point). Thus, the District may challenge the City's annexation in a private action. *See Missouri City*, 123 S.W.3d at 617.

However, as the City further asserted, the District, in order to establish standing, must have suffered a particular burden or injury from the City's annexation. *See Pinnell*, 161 S.W.3d at 238. The District argues that it suffered a particularized burden from the City's annexation of the property because the District was a "potential provider" of utility services to the property and the City's annexation "removes land that could have been served by the District." The evidence shows, however, that the District admitted in its February 22, 2013 letter to the Texas Department of Housing and Community Affairs that it "[did] not know where water and sewer services would come from" to service the property and "[did] not have extra capacity to provide water or sewer service to the proposed development" on the property. Thus, the City's evidence conclusively

establishes that the District has not suffered an injury based on being a "competing potential service provider to the annexed tracts."

The District next argues that it was harmed because it and the City have an "agreement to share in the sales tax revenues collected within the City's [extra-territorial jurisdiction] in and around the District's boundaries," the City's annexation removes the property from the City's extra-territorial jurisdiction, "prevents" it from coming under the agreement, and "depriv[es] the District of this potential sales tax revenue." However, the evidence shows that the parties' agreement, the SPA, applies to the specific territory delineated on the map, which does not include the property. Thus, the City's evidence conclusively establishes that its annexation of the property did not result in an injury to the District in the form of lost sales tax revenues under the SPA.

Finally, the District asserts that it is required to obtain approval from the City to construct projects within the City's extra-territorial jurisdiction and because the City's annexation "affects the location" of its extra-territorial jurisdiction, it affects the area in which such approvals are required. A special burden does not exist, however, if, as here, a claimant merely alleges the ordinary consequences of annexation that burden the public in general. *See Sunchase Capital Grp., Inc. v. City of Crandall*, 69 S.W.3d 594, 597 (Tex. App.—Tyler 2001, no pet.).

14

We conclude that the City's evidence conclusively establishes that the District has not suffered a particular burden or injury from the City's annexation of the strip and property. Accordingly, we hold that the District lacks standing to challenge the annexation and the trial court erred in denying the City's plea to the jurisdiction.

We sustain the City's sole issue.

## Conclusion

We vacate the trial court's order denying the City's plea to the jurisdiction and dismiss the case. *See* TEX. R. APP. P. 43.2; *Lucas*, 101 S.W.3d at 122.

Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Brown.