

# NUMBER 13-17-00514-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DANIEL JIMENEZ AND PAUL HARRISON,                 Appellants,

v.

CITY OF ARANSAS PASS,                                      Appellee.

### On appeal from the 343rd District Court
### of San Patricio County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Benavides
### Memorandum Opinion by Justice Rodriguez

By three issues, appellants Daniel Jimenez and Paul Harrison appeal a summary judgment granted in favor of appellee, the City of Aransas Pass ("the City"). We affirm in part and reverse and remand in part.

## I.    BACKGROUND

We draw our recitation of the background facts from the summary judgment record. On September 8, 2015, the Aransas Pass City Council announced plans to annex a neighborhood in San Patricio County. It passed a resolution arranging for a service plan and public hearings concerning the annexation, both of which are steps in the annexation process.

Appellants owned property in the neighborhood, and they opposed annexation. On December 28, 2015, they filed this suit seeking a temporary restraining order and an injunction to prevent the City from annexing the land. The trial court denied appellants the relief they sought, and the city council passed an ordinance annexing the neighborhood on January 4, 2016.

On that same day, appellants filed their first supplemental petition adding new claims to their suit. Among other things, appellants sought a declaratory judgment that the annexation was void because the City failed to comply with two requirements set out in the annexation statute.

The City filed a motion for summary judgment arguing that it had complied with the annexation statute and that, even assuming it had not complied, appellants had no standing to complain of mere procedural violations of the statute.

Following the City's motion, Gail Degrange intervened in the suit and filed multiple claims against the City. Also, appellants filed a second supplemental petition adding multiple new claims. The City did not subsequently amend its motion for summary judgment to address these new claims. Nonetheless, the trial court granted summary judgment against all claims filed by Degrange and appellants. Only appellants have appealed.

## II.    ANNEXATION COMPLAINTS

To begin, we address appellants' second and third issues, in which they argue that the City made errors during the annexation process which render the annexation void. Appellants allege that the City failed to comply with two requirements in the annexation statute:   (1) the requirement to establish a three-year annexation plan and (2) the requirement to complete the annexation proceedings within ninety days after they are instituted.   They argue that because the City failed to comply with these requirements, the trial court erred in summarily disposing of their claim for a declaration that the annexation is void.

### A.    Standard of Review

We review the trial court's granting of a traditional motion for summary judgment de novo.   *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007).   To prevail on a traditional summary-judgment motion, a movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.   TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

### B.    Three-Year Annexation Plan

Appellants complain that the City failed to establish and adhere to a three-year annexation plan and argue that this failure renders the annexation wholly void.   Statutory annexation procedures generally require municipalities to prepare annexation plans specifically identifying areas to be annexed beginning on the third anniversary of the date the plan is adopted or amended.   *City of Rockwall v. Hughes*, 246 S.W.3d 621, 623 (Tex. 2008) (citing TEX. LOC. GOV'T CODE ANN. § 43.052(c)).

3

The City argues that even assuming the three-year plan requirement applies, the City's failure to establish a three-year plan is a procedural defect that does not render the annexation ordinance void, but only voidable. The City contends that because the annexation is not wholly void, appellants have no standing to challenge the procedural error. We agree with the City.

A quo warranto suit by the State on behalf of its citizens is the only proper method to challenge procedural defects in an annexation. *See Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 436 (Tex. 1991); *Isabel v. Pinnell*, 207 S.W.3d 394, 408 (Tex. App.—Corpus Christi 2006, no pet.). Through quo warranto proceedings, "the State acts to protect itself and the good of the public generally, through the duly chosen agents of the State who have full control of the proceeding." *Alexander Oil*, 825 S.W.2d at 437. This procedure avoids the specter of numerous successive suits by private parties attacking the validity of annexations. *Id.*

However, a citizen may have standing to bring a private challenge where an annexation ordinance is wholly void. [1] *Id.* at 436; *Pinnell*, 207 S.W.3d at 408. Procedural irregularities in the exercise of a city's annexation power may render the annexation voidable, but not void. *See Alexander Oil*, 825 S.W.2d at 439; *City of San Antonio v. Hardee*, 70 S.W.3d 207, 211 (Tex. App.—San Antonio 2001, no pet.).

Courts have consistently held that the failure to develop and adhere to a three-year plan is a procedural requirement, and that failure to comply with it renders an

---

[1] Historically, annexation ordinances have been held void where the municipality entirely exceeds the annexation authority delegated to it by the Legislature, such as where an annexation outstrips the statutory size limitations, or where a municipality attempts to annex territory within the corporate limits of another municipality. *Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 438 (Tex. 1991).

annexation voidable only. *Werthmann v. City of Fort Worth*, 121 S.W.3d 803, 807 (Tex. App.—Fort Worth 2003, no pet.); *City of Balch Springs, Tex. v. Lucas*, 101 S.W.3d 116, 121–22 (Tex. App.—Dallas 2002, no pet.); *Hardee*, 70 S.W.3d at 212; *see also Round Rock Life Connection Church, Inc. v. City of Round Rock*, No. 03-09-00523-CV, 2011 WL 589832, at *4 (Tex. App.—Austin Feb. 18, 2011, pet. denied) (mem. op.). The three-year plan requirement exists "to give the public better notice of proposed city growth and services," *Hardee*, 70 S.W.3d at 212, and under controlling precedent, deficient notice is a procedural defect that does not render an annexation void. *See Alexander Oil*, 825 S.W.2d at 438–39; *Pinnell*, 207 S.W.3d at 408.

Because the complained-of defects would not render the annexation void, appellants have no standing to challenge these procedural defects through this private suit. *See Alexander Oil*, 825 S.W.2d at 436. The sole available means to attack these deficiencies is a quo warranto action brought by the State. *See Lucas*, 101 S.W.3d at 122.

## C.    Ninety-Day Requirement

Appellants next complain that the City failed to complete the annexation proceedings within ninety days after they were "instituted," as required by local government code section 43.064. *See* TEX. LOC. GOV'T CODE ANN. § 43.064 (West, Westlaw through 2017 1st C.S.). Section 43.064 provides that the annexation of an area must be completed within ninety days after the date the governing body "institutes the annexation proceedings," else those proceedings are void. *Id.*; *Hughes*, 246 S.W.3d at 624; *see City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 27 (Tex. 2003).

5

Appellants contend that the City "instituted" annexation proceedings on September 8, 2015, when the city council instructed its staff to prepare an annexation service plan and publish notices of public hearings. *See* TEX. LOC. GOV'T CODE ANN. §§ 43.056(a), 43.0561(c), 43.063(c), 43.065(a) (West, Westlaw through 2017 1st C.S.). Appellants contend that because the annexation proceedings were "instituted" on September 8, 2015, those proceedings had to be completed within ninety days, on or before December 7, 2015. *See id.* § 43.064. It is undisputed that the annexation was not completed until January 4, 2016.

The City counters that appellants have fundamentally misconstrued what it means to "institute" an annexation proceeding and that annexation proceedings are not "instituted" when a municipality first begins to make arrangements for the notice of public hearing, as appellants contend. We agree with the City.

The annexation statute shows that "institution" does not occur until after two public hearings have occurred. Subchapters 43C and 43C-1 provide that before a municipality "may institute annexation proceedings, the governing body of the municipality must conduct two public hearings . . . ." *Id.* §§ 43.0561(a), 43.063(a). Since annexation proceedings may not be instituted until after the public hearings are held, it is an impossibility that the city council's September 8 instruction to schedule those hearings could constitute "institution" of annexation proceedings.

Rather, precedent makes clear that annexation proceedings are generally "instituted" by the passage of an annexation ordinance—either on first reading[2] or

---

[2] Passage of an ordinance on "first reading" is "a practice unique to Texas." Robert R. Ashcroft & Barbara Kyle Balfour, *Home Rule Cities and Municipal Annexation in Texas*, 15 ST. MARY'S L.J. 519, 523–24 (1984). Texas cities "frequently, although not necessarily, required three readings of an ordinance

otherwise. In *City of Duncanville v. City of Woodland Hills*, a city passed an ordinance attempting to annex an area, and our supreme court held that this "event constitutes the institution of annexation proceedings as contemplated in" the annexation statute. 489 S.W.2d 557, 558 (Tex. 1972) (per curiam), *overruled on other grounds by Alexander Oil*, 825 S.W.2d 434. Intermediate Texas courts have reached the same conclusion concerning what institutes annexation proceedings. *See City of San Antonio v. City of Boerne*, 61 S.W.3d 571, 574 (Tex. App.—San Antonio 2001) (op. on reh'g) ("The passage of annexation ordinances on first reading effectively institutes the act of annexation."), *rev'd on other grounds*, 111 S.W.3d 22 (Tex. 2003); *Red Bird Vill. v. State ex rel. City of Duncanville*, 385 S.W.2d 548, 549–50 (Tex. Civ. App.—Dallas 1964, writ ref'd) (holding that the passage of an annexation ordinance on first reading instituted the annexation proceeding).

In *City of Houston v. Savely*, the court extended the logic of this rule to its natural conclusion: it rejected the contention that annexation proceedings were instituted by the posting of notice for public hearings. 708 S.W.2d 879, 889 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Instead, citing *City of Duncanville*, the court held that annexation proceedings were instituted by the passage of an annexation ordinance. *Id.*

We follow *Savely* and reject appellants' argument that the notice of hearing instituted the annexation proceedings. *See* 708 S.W.2d at 889. The proceedings were

---

before it became law." *Id.* at 524 n.24. "Once a city had passed first reading of an annexation ordinance, the city, by beginning the annexation process, had staked its claim, had obtained annexation jurisdiction or priority, and no other city could claim the territory." *Id.* Historically, this practice was employed to the point of abuse by expanding home rule cities. *Id.* In 1963, the Legislature enacted limitations such as the ninety-day time limit in order to curb the use of this practice in what were then "widespread annexation wars . . . ." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 27 (Tex. 2003).

only instituted when the annexation ordinance was passed.  *See id.*  Thus, the passage of the annexation ordinance on January 4, 2016 was both the institution and completion of annexation proceedings.  Because the annexation proceedings concluded the same day they began, we hold that as a matter of law the City did not exceed the ninety-day timetable for completion of the annexation proceedings.  *See Hughes*, 246 S.W.3d at 624.

## D.     Summary

Appellants contend that the City made two errors during the annexation process. However, appellants lack standing to complain about the first error because it is procedural only, and the record establishes as a matter of law that the second error did not occur.  Accordingly, we conclude that the trial court properly granted summary judgment concerning all claims addressed in the City's motion for summary judgment. *See Sw. Elec.*, 73 S.W.3d at 215.

We overrule appellants' second and third issues.

## III.     CLAIMS NOT ADDRESSED IN THE MOTION FOR SUMMARY JUDGMENT

We next address appellants' first issue, in which they contend that the trial court erred by disposing of claims not mentioned in the City's motion for summary judgment. After the City filed its motion, Degrange filed her petition in intervention, and appellants filed a second supplemental petition, raising three new claims.  The City failed to subsequently amend its motion.  Appellants argue that the trial court therefore erred in disposing of these newly pleaded claims.

## A.     Degrange's Claims

8

Appellants first complain of the summary judgment disposing of Degrange's claims. However, Degrange has not appealed. Accordingly, we do not consider whether the summary judgment against Degrange should be reversed. *See Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 451 (Tex. 1998) (per curiam); *Saba Zi Expl., L.P. v. Vaughn*, 448 S.W.3d 123, 132 n.14 (Tex. App.—Houston [14th Dist.] 2014, no pet.). To that extent, we overrule appellants' first issue.

## B.  Appellants' Claims

Appellants next argue that they raised three new and distinct claims that were not addressed in the motion for summary judgment:  (1) a claim for inverse condemnation due to certain zoning changes by the City; (2) a claim for temporary and permanent injunctions to keep the City from exercising its arrest and regulatory powers over them; and (3) a general complaint that, two years after the annexation, the City still did not provide any services to their area and had no plans to do so. Appellants complain that because none of these claims were raised in the City's motion for summary judgment, the trial court erred in disposing of them in its summary judgment order.

"A motion for summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone." *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex. 1997); *Guevara v. Lackner*, 447 S.W.3d 566, 571 (Tex. App.—Corpus Christi 2014, no pet.); *see* TEX. R. CIV. P. 166a(c). Granting a summary judgment on a claim not addressed in the summary judgment motion is, as a general rule, reversible error. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam). When a trial court grants more relief than requested and, therefore, makes an otherwise partial summary judgment final, that judgment, although erroneous,

9

is final and appealable. *Id.* at 298. The court of appeals should treat such a summary judgment as any other final judgment, considering all matters raised and reversing only portions of the judgment based on harmful error. *Id.*

The City responds by attacking the manner in which appellants pleaded their supplemental claims. However, the City's arguments were not presented in the motion for summary judgment, and we may not affirm summary judgment on grounds not raised in the motion for summary judgment. *Henkel v. Norman*, 441 S.W.3d 249, 251 n.1 (Tex. 2014) (per curiam) (citing *Stiles v. Resolution Tr. Corp.*, 867 S.W.2d 24, 26 (Tex. 1993)). Whatever their merits, these arguments may not serve as a basis to affirm the summary judgment.

Because appellants' supplemental claims were not addressed in the motion for summary judgment, the trial court erred in rendering a summary judgment disposing of them. To that extent, we sustain appellants' first issue.

## IV. CONCLUSION

We reverse the trial court's judgment to the extent that it disposes of any claims newly raised in appellants' second supplemental petition and remand for further proceedings. We affirm the judgment in all other respects.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 13th
day of December, 2018.

10